**STATE of Oklahoma ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,**

v.

**James W. BURGER, Respondent.**

**No. 2020.**

Supreme Court of Oklahoma.

April 6, 1965.

Maurice DeFord, Jr., Ponca City, for complainant.

James W. Burger, pro se.

PER CURIAM.

This matter is before us on the Report of Findings and Recommendation of the Executive Council of the Oklahoma Bar Association.

A complaint was filed by the Oklahoma Bar Association against James W. Burger. There were two grounds of complaint. Number one was that respondent, James W. Burger, was employed during the year 1958 by one Lucy Estes to represent her in the matter of the probation of her deceased husband's estate and said respondent was paid an attorney's fee of $1,000 but he failed, refused and neglected to carry out the terms of employment and it was necessary to employ and pay other counsel to complete the work which respondent was employed to perform.

The second count of the complaint was that respondent, while acting in the capacity of attorney at law for his client, Leland D. Johnson, received in behalf of his client during April, 1962, a cashier's check in the amount of $4,250 from one Wilma L. Garwick of Hayward, California. This cashier's check was sent to respondent in payment for a house in Blackwell, Oklahoma, purchased from the client, Johnson. The money was to be held in escrow by respondent until title to the property had been perfected. Frequent demand has been made upon respondent for the proceeds of the sale of said property but respondent has neglected and refused to pay to his client said money and has converted same to his own use and benefit. Respondent did execute a promissory note to the client in the sum of $4,250, but at the date of hearing nothing had been paid on the note.

The Executive Council of the Oklahoma Bar Association appointed a trial examiner to hear the charges against respondent. Oklahoma Bar Association appeared by counsel and respondent appeared in his own behalf. Evidence was offered which sustained both charges. Respondent offered no defense and was found guilty on Counts 1 and 2. Count 1 was a direct violation of Rule 21 of the Canons of Professional Ethics adopted by the Supreme Court of the State of Oklahoma for the Oklahoma Bar Association and Count 2 was a direct violation of Rule 11 of said Canons, 5 O.S.A. c. 1 Appendix 3.

The trial examiner was of the opinion that the evidence under Count 1 would justify the recommendation of a private reprimand. As to Count 2, his recommendation was that in view of the fact that no part of the $4,250 in the hands of the respondent has ever been paid to the proper owner, neither on the original obligation nor upon the promissory note, the respondent be disbarred from the practice of law in the State of Oklahoma.

After full consideration of all the evidence and a review of the record in the case, the Executive Council has recommended to this Court that the respondent, James W. Burger, because of his unprofessional conduct in failure to pay to his client money belonging to the client in direct violation of Rule 11 of the Canons of Professional Ethics of the Oklahoma Bar Association, be disbarred from the practice of law in Oklahoma and that his name be stricken from membership in the Oklahoma Bar Association. The recommendation of the Executive Council is hereby approved by this Court in toto and respondent be and is hereby disbarred from the practice of law and his name stricken from membership in the Oklahoma Bar Association.

HALLEY, C. J., and DAVISON, WILLIAMS, BLACKBIRD, IRWIN and BERRY, JJ., concur.