**STATE of Oklahoma ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,**

v.

**David L. HOOD, Respondent.**

**SCBD No. 2042.**

Supreme Court of Oklahoma.

Oct. 12, 1965.

Jefferson G. Greer, Tulsa, Harry G. Foreman, Norman, for complainant.

Windell D. Knox, Tulsa, for respondent.

PER CURIAM:

This matter is before this Court on the Report of Findings and Recommendation of the Executive Council of the Oklahoma Bar Association.

A complaint was filed by the Oklahoma Bar Association against David L. Hood on the 16th of July, 1964. There were four grounds of complaint. The third ground of complaint has been dismissed by the complainant.

The first ground of the complaint is that the respondent was engaged as an attorney to represent Mr. and Mrs. Frank M. Speer, Sr. in a claim on their behalf of their son, Frank, Jr., who had been injured while a passenger in an automobile involved in a collision. After suit had been filed in the case on behalf of the Speers a settlement was entered into and a friendly suit settlement proceeding was had wherein the Speers were to receive $750. A draft was issued for that amount and it was signed by the Speers and the possession of the draft was taken by the respondent. He has refused to make settlement with the Speers for the·amount of money that they were entitled to after the deduction of respondent's fee. That settlement was made on the 14th of June, 1963. Frequent demand was made upon respondent by the Speers for their share of the $750. The services of an attorney were had in an effort to obtain the money from the respondent but respondent paid nothing on this claim until this matter came before the Executive Council after the trial had been had before the Grievance Committee of the Tulsa County Bar Association. The respondent made a partial payment on the amount that

he owed the Speers. The record does not show a complete settlement.

On the second ground of complaint it was charged that the respondent represented Mrs. Maxine Shoemake and her minor son, Joseph Bryan Shoemake, in a personal injury action which was settled and for which a draft was issued to the Shoemakes for $2,000. Possession of the draft was taken by respondent. As far as the record shows respondent has made no payment whatsoever to either Mrs. Shoemake or Joseph Bryan Shoemake. Respondent's fee in that case was to be one-third of the amount of recovery.

The respondent had done legal work previously for Mrs. Shoemake and her son. He had sent her a bill for legal services and expenses in the sum of $98.02.

The respondent has claimed he was owed fees and expense money from Mrs. Shoemake for representing her son in other matters. This claim was not substantiated by the respondent.

From the evidence the respondent owes Mrs. Shoemake and her son approximately $1,200.32, which is arrived at by deducting one-third of $2,000, which is $666.66, and deducting $98.02 for the previous balance due respondent, and $35.00, the value of services rendered in doing some investigation for Mrs. Shoemake in 1963. If any of this money has been paid, it does not appear of record.

There was a fourth charge made in the complaint which was that the respondent had issued numerous checks for which he had insufficient funds in the bank on which they were drawn to cover them. The facts sustained this charge.

The action of the respondent in these three matters is a clear violation of Rule 11 of the Canons of Professional Ethics which is as follows:

"The lawyer should refrain from any action whereby for his personal benefit or gain he abuses or takes advantage of the confidence reposed in him by his client.

"Money of the client or collected for the client or other trust property coming into the possession of the lawyer should be reported and accounted for promptly, and should not under any circumstances be commingled with his own or be used by him."

See State ex rel. Oklahoma Bar Association v. Burger, Okl., 401 P.2d 524.

A thorough and complete hearing was had on this question before the Grievance Committee of the Tulsa County Bar Association, which was appointed by the Oklahoma Bar Association to take the evidence in this matter.

The Committee found that the respondent failed to remit to his clients in Charges 1 and 2 funds that he had collected for them and that he has not made any restitution under Count 2 and only recently made any restitution under Count 1 and that was only partial. The fourth charge is undenied. The Committee recommended that the respondent be suspended from the practice of law for 18 months.

The findings of fact, conclusion of law and the recommended disposition of the case as prepared by the Grievance Committee of the Tulsa County Bar was filed before the Executive Council and on February 18, 1965, the same was studied and reviewed and a complete discussion had thereon. After full consideration of the evidence by the Executive Council, it concluded that the recommendation of the Grievance Committee was reasonable and proper and the same was approved.

The Executive Council found that the respondent, David L. Hood, because of his unprofessional conduct is guilty of violating Rule 11 of the Canons of Professional Ethics and his oath as an attorney and the Executive Council recommended that the respondent, David L. Hood, be suspended from the practice of law in the State of Oklahoma indefinitely with the right to apply for reinstatement 18 months after the date this judgment becomes final.

We have read the record and are convinced that the recommendation of both the

Grievance Committee as to the guilt of respondent and its approval by the Executive Council and their recommendation of indefinitely suspending the respondent is proper and it is the judgment of this Court that the respondent be suspended indefinitely with the right to apply for reinstatement after the expiration of 18 months from the time this judgment becomes final.

HALLEY, C. J., and DAVISON, WILLIAMS, BLACKBIRD, BERRY and LAVENDER, JJ., concur.

JACKSON, V. C. J., and IRWIN and HODGES, JJ., concur in part and dissent in part.