**STATE of Oklahoma ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,**

v.

**Franklin K. BRUCE, Respondent.**

**S.C.B.D. No. 2174.**

Supreme Court of Oklahoma.

Jan. 28, 1969.

JACKSON, Justice.

The record in this disciplinary proceeding discloses that on November 8, 1966, respondent, Franklin K. Bruce, was employed as an attorney by David Crittenden, Jr., to collect $56.00 from one James L. Smith. Respondent, Bruce, was advanced $20.00 and made a deposit of $10.00 for court costs when suit was filed against Smith. Smith settled the action without trial and delivered to Bruce a total of $76.00. According to Smith's testimony he made payments to Bruce by check on the following dates in the following amounts: January 4, 1967, $25.00; January 18, 1967, $20.00; and on January 18, 1967, $31.00. Bruce testified that some of the checks were returned for insufficient funds but admits that he had collected a total of $76.00 from Smith by the end of January, 1968.

Crittenden made complaint to the Bar Association on September 6, 1967, and on the same date General Counsel for the Bar Association notified Mr. Bruce of the complaint. On October 10, 1967, Mr. Bruce wrote General Counsel that he had collected for Mr. Crittenden (from Smith) $56.00 which would be paid to Crittenden if Crittenden would come to his office. On January 6, 1968, Mr. Bruce wrote General Counsel that he was sending Mr. Crittenden "another letter this date advising him that he may call me and make an appointment to come in and sign a receipt for the money I have collected", presumably $56.00. For-

mal complaint was filed by the Bar Association on February 23, 1968.

The Trial Authority concluded his hearings on June 27, 1968, and found that Mr. Bruce had collected $20.00 from Mr. Crittenden and had collected $76.00 from Smith, a total of $96.00. The Trial Authority further found that Mr. Bruce made no payments to Mr. Crittenden until he mailed him a check dated June 12, 1968, in the amount of $56.00. Mr. Crittenden testified that this check was presented to the bank for payment on July 5, 1968, and returned because of insufficient funds. The record does not disclose that Mr. Crittenden has received any part of the money collected.

Bruce testified that he kept two bank accounts; one for himself and his family, and the other an office account. He further testified that the money collected for Crittenden was deposited in the office account, and that all office expenses, including office rent and help were paid out of this account.

A second count charged Respondent with delays in handling an adoption proceedings and in repeatedly making misstatements to his client. The Trial Authority found that the adoption proceedings were not expeditiously handled, but concluded that this delay does not warrant serious disciplinary action. From our examination of the whole record we are unable to conclusively determine that disciplinary sanctions should be imposed under count two, but in so concluding we do not mean to imply that inexcusable delays will not be noticed.

The Trial Authority recommends that Mr. Bruce be suspended from the practice of law for a period of not less than 90 days and not thereafter reinstated until a proper showing has been made of delivery to Mr. Crittenden of the funds that are due him.

The Report, Findings of Fact, and Conculsions and Recommendation of the Trial Authority were filed with the Chief Justice of this court on August 9, 1968. No exceptions to the Report of the Trial Authority have been taken by the Respondent and no briefs have been filed as authorized by Arti-

cle X, Section 17, Rules Creating and Controlling the Oklahoma Bar Association. We are of the view that this proceeding stands ready for disposition.

■ The Canons of Professional Ethics of the American Bar Association have been adopted by this court, and any member of the Association who violates the Canons shall be subject to discipline. Article IX, Section 7, Rules Creating and Controlling the Oklahoma Bar Association.

In Canon 11, Canons of Professional Ethics (5 O.S.1961, Ch. 1, Appendix 3), it is said:

"Money of the client or collected for the client or other trust property coming into the possession of the lawyer should be reported and accounted for promptly, and should not under any circumstances be commingled with his own or used by him."

See also Article IX, Section 6, Rules Creating and Controlling the Oklahoma Bar Association (5 Ch. 1, O.S.Supp.1968, Appendix 1), wherein it is provided in part:

"Where money or other property has been entrusted to an attorney for a specific purpose, he must apply it to that purpose."

We have imposed discipline for violations of Canon 11 in State ex rel. Oklahoma Bar Ass'n v. Ferguson, Okl., 356 P.2d 734, and in State ex rel. Oklahoma Bar Ass'n v. Burger, Okl., 401 P.2d 524.

In the instant case the Respondent violated two provisions of Canon 11, supra. He failed to report and promptly account for money collectèd for his client and he commingled his client's money with his own and used it for his own purposes.

■ Since the record before us does not disclose any former complaints or disciplinary action against respondent the recommendation of the Trial Authority is approved. It is accordingly ordered that Franklin K. Bruce's license to practice law as a member of the Oklahoma Bar is suspended for a period of ninety days beginning with the date this opinion becomes final and continue thereafter until he is reinstated. It is further ordered that Mr. Bruce shall not be reinstated until a proper showing has been made by him of delivery and payment to Mr. Crittenden of the funds that are due him.

All the Justices concur.